# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* Z. L. D. LEONARD, Minor.

UNPUBLISHED
August 18, 2015

No. 325979
Wayne Circuit Court
Family Division
LC No. 01-401965-NA

Before: OWENS, P.J., and SAAD and GADOLA, JJ.

PER CURIAM.

Respondent-mother appeals as of right from an order terminating her parental rights and the unidentified father's parental rights to a minor child, ZL, under MCL 712A.19b(3)(a)(*i*) (parent is unidentifiable), (g) (failure to provide proper care and custody), (i) (parental rights to another child were terminated because of neglect or abuse), (j) (reasonable likelihood of harm), (*l*) (parental rights to another child were terminated), and (n) (parent is convicted of a specified crime). We affirm.

## I. BACKGROUND

In 2002, respondent-mother's parental rights to her three minor children were terminated after she pleaded guilty in a separate criminal case to three counts of first-degree criminal sexual conduct, MCL 750.520b(1)(c), three counts of production of child sexually abuse material, MCL 750.145c(2), and one count of second-degree criminal sexual conduct, MCL 750.520c(1)(c). Respondent-mother was released in 2008, but was sent back to prison until 2012 because of a parole violation. She was discharged from parole in April 2014, and ZL was born shortly thereafter. Respondent-mother testified that the she did not know the identity of ZL's father.

In June 2014, the Department of Human Services filed a petition asking the court to take jurisdiction over ZL and to terminate respondent-mother's and the unknown father's parental rights to the child. Following bifurcated hearings, a referee issued a report "recommend[ing] that the parental rights of the mother [and] the father, John Doe be terminated in accordance with the following statutory provisions": MCL 712A.19b(3)(a)(*i*), (g), (i), (j), (*l*), and (n). The referee did not identify which statutory grounds applied to each parent, nor did he specify which subsections of MCL 712A.19b(3)(n) applied in this case. On December 12, 2014, the trial judge signed and adopted the referee's recommendations and report, and entered an order terminating both the unknown father's and respondent-mother's parental rights.

-1-

## II. STATUTORY BASIS

In her statement of the questions presented, respondent-mother asserts that the trial court erred when it found by clear and convincing evidence that termination of her parental rights was appropriate under MCL 712A.19b(3)(a)(*i*), (g), (i), (j), and (n)(*i*). The trial court erred to the extent that it found there was clear and convincing evidence to terminate respondent-mother's parental rights under MCL 712A.19b(3)(a)(*i*) and (g); however reversal is unwarranted because respondent-mother waived any error with regard to MCL 712A.19b(3)(i), (*l*), and (n)(*i*) by failing to address these statutory provisions in the substantive portion of her appellate brief, and because clear and convincing evidence supported termination under MCL 712A.19b(3)(j), (*l*), and (n)(*i*).

"This Court reviews for clear error the trial court's factual findings and ultimate determinations on the statutory grounds for termination." *In re White*, 303 Mich App 701, 709; 846 NW2d 61 (2014). A finding of fact is clearly erroneous if this Court is definitely and firmly convinced that the trial court made a mistake. *Id*. at 709-710. Clear and convincing evidence need only establish one statutory ground to warrant termination of parental rights. *In re HRC*, 286 Mich App 444, 461; 781 NW2d 105 (2009). When sufficient evidence supports termination under any statutory ground, a court's erroneous invocation of an additional ground constitutes harmless error. *In re Williams*, 286 Mich App 253, 273; 779 NW2d 286 (2009).

### A. MCL 712A.19b(3)(a)(*i*)

Respondent-mother argues that the trial court erred in relying upon MCL 712A.19b(3)(a)(*i*) to terminate her parental rights. MCL 712A.19b(3)(a)(*i*) provides that a trial court may terminate a respondent's parental rights if it finds that "[t]he child's parent is unidentifiable, has deserted the child for 28 or more days, and has not sought custody of the child during that period." The statute further provides, "For the purposes of this section, a parent is unidentifiable if the parent's identity cannot be ascertained after reasonable efforts have been made to locate and identify the parent." MCL 712A.19b(3)(a)(*i*).

When rendering his oral decision, the referee stated that a statutory basis existed to terminate *the father's* parental rights because he was not identifiable and had deserted ZL for 28 or more days. However, the referee's report corresponding with the order terminating respondent-mother's parental rights did not distinguish between the statutory grounds used for each parent. To the extent that the trial court may have relied upon MCL 712A.19b(3)(a)(*i*) in terminating respondent-mother's parental rights, such reliance was clearly erroneous because there was no evidence that respondent-mother was unidentifiable or that she deserted ZL.

### B. MCL 712A.19b(3)(g)

Respondent-mother also argues that the trial court erred in finding that her parental rights to ZL could be terminated under MCL 712A.19b(3)(g). Parental rights may be terminated under MCL 712A.19b(3)(g) if "[t]he parent, without regard to intent, fails to provide proper care or custody for the child and there is no reasonable expectation that the parent will be able to provide proper care and custody within a reasonable time considering the child's age." The report accompanying the trial court's termination order stated that termination of parental rights was

proper under MCL 712A.19b(3)(g); however, the report failed to specify whether this statutory basis applied to respondent-mother, the unidentified father, or both parents.

To the extent that the trial court may have relied upon MCL 712A.19b(3)(g) in terminating respondent-mother's parental rights, the court clearly erred. There was no evidence presented at the termination hearing regarding respondent-mother's care and custody of ZL. Instead, the only evidence presented indicated that respondent-mother was previously convicted of criminal sexual conduct relating to other minor children, that her parental rights to her three other children were terminated in 2002, and that she was diagnosed with bipolar depression. There was no testimony presented regarding her care and custody of ZL. Therefore, any reliance on MCL 712A.19b(3)(g) with respect to respondent-mother was erroneous.

## C. MCL 712A.19b(3)(i)

MCL 712A.19b(3)(i) provides that a trial court may terminate a respondent's parental rights if it finds by clear and convincing evidence that "[p]arental rights to 1 or more siblings of the child have been terminated due to serious and chronic neglect or physical or sexual abuse, and prior attempts to rehabilitate the parents have been unsuccessful." Although respondent-mother references MCL 712A.19b(3)(i) in her statement of the questions presented, she does not provide any argument with respect to this statutory provision in her brief. See *Berger v Berger*, 277 Mich App 700, 712; 747 NW2d 336 (2008) ("A party abandons a claim when it fails to make a meaningful argument in support of its position."). Accordingly, respondent-mother abandoned any error with regard to this statutory ground on appeal.

## D. MCL 712A.19b(3)(j)

Respondent-mother argues that the trial court erred in finding that termination of her parental rights was proper under MCL 712A.19b(3)(j). MCL 712A.19b(3)(j) provides that a trial court may terminate a respondent's parental rights if it finds by clear and convincing evidence that "[t]here is a reasonable likelihood, based on the conduct or capacity of the child's parent, that the child will be harmed if he or she is returned to the home of the parent."

Evidence presented at the statutory basis hearing revealed that respondent-mother's parental rights to her three other children were terminated in a previous proceeding, and that respondent-mother had previous convictions for criminal sexual conduct involving children. Respondent-mother testified that she was convicted of criminal sexual conduct in 1997, and she served 15 years in prison. Respondent-mother was released in 2008, but was sent back to prison until 2012 because of a parole violation. The trial court did not clearly err in finding that this evidence demonstrated with reasonable likelihood that ZL would be harmed if returned to respondent-mother's care because respondent-mother had a long history of criminal sexual behavior involving children and was only recently released from parole.

## E. MCL 712A.19b(3)(*l*)

MCL 712A.19b(3)(*l*) provides that a trial court may terminate a respondent's parental rights if it finds by clear and convincing evidence that the respondent's "rights to another child were terminated as a result of proceedings under [MCL 712A.2] or a similar law of another state." Initially, respondent-mother waived any challenge to the trial court's findings with

respect to this statutory ground by failing to address it in her brief on appeal. See *Berger*, 277 Mich App at 712. Moreover, there was clear and convincing evidence to support the trial court's decision on this statutory basis.

Respondent-mother admitted at the termination hearing that her parental rights to three other children were terminated in 2002. This testimony provided clear and convincing evidence that MCL 712A.19b(3)(*l*) applies in this case. Again, even assuming that the trial court erred with regard to all of the other statutory grounds for termination, the trial court's error was harmless because it only needed one ground to terminate respondent-mother's parental rights. See *In re Ellis*, 294 Mich App 30, 32; 817 NW2d 111 (2011) ("Only one statutory ground need be established by clear and convincing evidence to terminate a respondent's parental rights, even if the court erroneously found sufficient evidence under other statutory grounds.").

## F. MCL 712A.19b(3)(n)(*i*)

Finally, the trial court did not err in finding that termination of respondent-mother's parental rights was proper under MCL 712A.19b(3)(n)(*i*). MCL 712A.19b(3)(n)(*i*) provides that termination is appropriate if a parent is convicted of "[a] violation of section 316, 317, 520b, 520c, 520d, 520e, or 520g of the Michigan penal code" and "the court determines that termination is in the child's best interests because continuing the parent-child relationship with the parent would be harmful to the child." Respondent-mother waived any error with respect to this statutory basis by failing to provide argument on it in her appellate brief. See *Berger*, 277 Mich App at 712. Further, clear and convincing evidence supported the trial court's conclusion on this statutory provision.

Evidence presented at the statutory basis hearing revealed that respondent-mother was convicted of criminal sexual conduct under MCL 750.520b and MCL 750.520c. Accordingly, respondent-mother was convicted of applicable crimes under MCL 712A.19b(3)(n)(*i*). Further, respondent-mother testified that she served 15 years in prison for her crimes, that she was released from prison in April 2012, and that she was discharged from parole in April 2014, only two months before ZL's birth. Under these circumstances, the trial court did not clearly err in finding that termination under MCL 712A.19b(3)(n)(*i*) was warranted because continuing the parent-child relationship between ZL and respondent-mother would be harmful to the child.

## II. BEST INTERESTS

Respondent-mother next argues that the trial court erred when it determined by a preponderance of the evidence that termination of her parental rights was in ZL's best interests. We disagree.

"If the court finds that there are grounds for termination of parental rights and that termination of parental rights is in the child's best interests, the court shall order termination of parental rights . . . ." MCL 712A.19b(5). This Court reviews for clear error a trial court's best-interest determination. *In re White*, 303 Mich App at 713. In assessing whether termination of parental rights is in a child's best interests, the trial court should weigh all evidence available to it. *Id.* The court may consider factors including " 'the child's bond to the parent, the parent's

parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home.' " *Id.* (citations omitted).

Evidence presented at the best-interest hearings suggested that termination of respondent-mother's parental rights would provide ZL with permanency, stability, and finality. There was evidence that respondent-mother's mental health issues were ongoing and could prevent ZL from living in a permanent and stable home. The Clinic for Child Study evaluation report indicated that respondent-mother would need extensive therapy and that it was not in ZL's best interests to wait for placement until after respondent-mother received treatment. Jennifer Wilson, the foster-care case manager, testified that respondent-mother had difficulty differentiating reality from fantasy. Thus, there was evidence indicating that respondent-mother continued to have mental health problems that could affect ZL's stability, safety, and ability to live in a permanent home.

The Clinic for Child Study evaluation also indicated that respondent-mother minimized the severity of her past crimes. Respondent-mother failed to express remorse with regard to her criminal convictions when Wilson talked with her about the crimes in July 2014. Instead, respondent-mother denied that she had done anything wrong. The fact that respondent-mother failed to express remorse for her conduct indicates that she may commit similar crimes in the future. Therefore, the trial court did not clearly err when it determined that termination of respondent-mother's parental rights was in ZL's best interests.

Affirmed.

/s/ Donald S. Owens
/s/ Henry William Saad
/s/ Michael F. Gadola